STATE OF MAINE                          BUSINESS & CONSUMER DOCKET
CUMBERLAND, ss.                         LOCATION:  PORTLAND
                                        DOCKET NO. BCD-CV-2019-39


THE SHERIDAN CORP.,           )
                              )
                              )
            Plaintiff         )
                              )
v.                            )         ORDER   RANTIN   THE SHERIDAN CORP.'S
                              )         UNOPPPOSED MOTION FOR DEFAULT
DHF ASSOCIATES, LLC,          )         JUDGMENT, and DEFAULT JUDGEMENT
                              )
                              )
            Defendant         )


On Nov. 18, 2018, Plaintiff The Sheridan Corp. ("Sheridan") brought a Complaint seeking $314,658 in damages against Defendant DHF Associates, LLC ("DHF") in connection with a construction dispute.  Sheridan now moves for default judgment against DHF based on DHF's failure to defend.    or the reasons discussed below, Sheridan's motion is granted.

BACKGROUND

For a period of time, DHF was actively engaged in this case.  DHF answered the complaint, filed counterclaims, served discovery, and engaged in motion practice. However, on November 7, 2019, counsel for DHF filed a Motion to Withdraw, explaining that DHF's president had instructed counsel to withdraw.  On that same day, the Court granted the Motion to Withdraw, and gave DHF twenty days to secure new representation and notify the Court.  On November 18, 2019, the Court received

1

a letter from DHF, announcing that DHF had released its counsel and would be representing itself. On November 21, 2019, Sheridan filed an objection, on the grounds that as a corporation, DHF was not entitled to represent itself in the litigation. DHF did not reply, and the Court did not hear again from DHF. New counsel for DHF never entered an appearance.

In the meantime, on November 20, 2019, DHF and other properly served parties failed to appear as subpoenaed for duly noticed depositions. DHF also failed to produce documents or assert objections in response to Sheridan's duly served requests for production of documents. DHF has ceased all communications with Sheridan, has not rescheduled missed depositions, has not produced documents, has not retained new counsel, has not taken any other action that would indicate an intent to participate in the litigation, and has not opposed or otherwise responded to Sheridan's Motion for Default Judgment.

ANALYSIS

A party may obtain judgment by default as a sanction when an opposing party fails to appear for a duly noticed deposition or fails to comply with properly served requests for production of documents. M.R. Civ. P. 37(b)(2)(C), (d)(1); *cf. Harris v. Soley*, 2000 ME 150, ¶¶ 8-18, 756 A.2d 499. In this case, DHF failed to appear for a deposition; failed to produce documents; failed to appoint new counsel; failed to communicate with opposing counsel or the Court; and appears to have quit defending or prosecuting the case. Additionally, DHF failed to oppose Sheridan's Motion for

Default Judgment.1 The Court has considered the facts at issue, has weighed the factors applicable to imposing sanctions, and has considered the purposes to be serviced by imposing sanctions. *Id.* at ¶ 10. For all the foregoing reasons, the Court grants Sheridan's Motion.

According to M.R. Civ. P. 55(b)(2), the Court may, but is not required to, hold a hearing to determine the amount of damages or the truth of any averments. Here, the Complaint seeks a sum certain, and in light of DHF's failure to oppose the Motion, there is no need to investigate the truth of Sheridan's averments. The Court grants final judgment of default in the amount of $314,658 in favor of Sheridan on its complaint, and grants final judgment of default in favor of Sheridan on DH 's counterclaims.

So Ordered.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order and Final Judgment of Default by reference on the docket for this case.


March 9, 2020.

_____/S_____
Michael A. Duddy
Judge, Business and Consumer Docket


---

1 The Court previously defaulted Wells  argo, N.A. ("Wells  argo"), for failure to timely respond to the Summons to Trustee served on it by Sheridan. *See* Order Denying Wells  argo, N.A.'s Motion to Lift Default, November 26, 2019. Wells Fargo now opposes Sheridan's motion to default DH . However, Wells Fargo is not a party to the action between Sheridan and DHF, and has no standing to oppose Sheridan's motion for default judgment against DH .

**The Sheridan Corporation**

     **v.**

**DHF Associates, LLC**


**The Sheridan Corporation**

    Counsel:               John Lambert, Esq.
                                   PO Box 15215
                                   One Canal Plaza, Suite 400
                                   Portland, Me 04112


**DHF Associates, LLC**

    Counsel:               Peter Cyr, Esq.
                                     85 Brackett Street
                                     Portland, ME 04102


**Wells Fargo Bank, N. A.**
    *(Defaulted Trustee)*

    Counsel:               Morgan T. Nickerson, Esq.
                                     State Street Financial Center,
                                     One Lincoln Street
                                     Boston , MA 021111

STATE OF MAINE                      BUSINESS & CONSUMER DOCKET
CUMBERLAND, ss.                     LOCATION:  PORTLAND
                                    DOCKET NO. BCD-CV-2019-39


THE SHERIDAN CORP,          )
                            )
                            )
            Plaintiff       )
                            )
v.                          )      ORDER DENYING WELLS FARGO, N.A.'S
                            )      MOTION TO LIFT DEFAULT
DHF ASSOCIATES, LLC,        )
                            )
            Defendant       )


Wells Fargo Bank, N.A. ("Wells Fargo") seeks to lift the default entered against it for failure to answer the Summons To Trustee served on it by Plaintiff, The Sheridan Corporation ("Sheridan").  For the reasons discussed below, Wells Fargo's Motion to Lift Default is denied.

BACKGROUND

On September 10, 2019, Sheridan served a Summons to Trustee (Form CV-033, Rev. 06/14) on Wells Fargo.  The Summons demanded that Wells Fargo indicate what property it has in its possession or control, if any, belonging to Defendant DHF Associates, LLC ("DHF"), to the value of $300,000.  In response, Wells Fargo conducted an internal review of its accounts, and on September 13, 2019, determined that it did not possess or control any property of DHF.  However, Wells Fargo failed to answer the Summons.  Twenty one days later, on October 1, 2019, Sheridan filed an Affidavit and Request for Default against Wells Fargo, due to its failure to timely respond.  On

1

October 7, 2019, the Clerk entered default against Wells Fargo. On October 21, 2019, Wells Fargo filed this Motion to Lift Default.

ANALYSIS

A trustee summons may be procured in blank from the clerk and filled out by the plaintiff's attorney with all the required information. M.R. Civ. P. 4B(b) & (c). "The Plaintiff's attorney shall deliver to the officer making service the original trustee summons upon which to make return of service and a copy thereof for service upon the trustee." M.R. Civ. P. 4B(c). A trustee is required to serve the trustee's disclosures under oath within twenty days after the service of the trustee summons. M.R. Civ. P. 4B(e). When a person summoned as trustee neglects to answer, "the trustee must be defaulted . . . ." 14 M.R.S. § 2614. The Court may later set aside the default "[f]or good cause shown." M.R. Civ. P. 55(c); *see also* 14 M.R.S. § 2701 ("reasonable excuse").

Wells Fargo first argues the default should be lifted, because Wells Fargo does not possess or control any property of DHF. Wells Fargo points out that although Section 2614 requires a trustee who does not answer to be defaulted, the defaulting party can only be "adjudged trustee to the extent that such a person holds goods, effects or credits of the principal defendant otherwise available to satisfy the unsatisfied portion of final judgment." 14 M.R.S. § 2614. Wells Fargo argues that because it does not hold any property of DHF, it cannot be adjudged trustee to any extent, and by extension cannot be defaulted.

Wells Fargo misreads Section 2614. The fact that a trustee does not possess or control any property of a defendant does not mean the trustee cannot or should not be defaulted. The question of default, on the one hand, and the amount for which

2

a person can be adjudged trustee, on the other hand, are two separate inquiries.[1] Even if Wells Fargo does not hold any property of DHF, a default may nevertheless carry significance. "Nothing in this section limits the additional remedies available under this chapter for the trustee's failure to disclose, including the assessment of costs under section 2701 or, in a proper case, contempt." 14 M.R.S. § 2614. In other words, the default penalty of Section 2614 incentivizes trustees to answer, even if they don't hold any of the sought-after property belonging to a defendant.

Wells Fargo next argues that service of the Summons to Trustee was defective under M.R. Civ. P. 4B(c), because the Summons was not accompanied by a copy of the complaint.[2] For this argument, Wells Fargo relies on a sentence from Rule 4B(c) which provides as follows: "The trustee summons shall be served in like manner and with the same effect as other process." Wells Fargo argues that the phrase "other process" refers to M.R. Civ. P. 4, which requires service a complaint along with a summons.

Read as whole, however, M.R. Civ. P. 4B does not require service of a complaint along with a Summons to Trustee. Rule 4B(b) sets forth the information that needs to be included for a trustee summons to be effective. Rule 4B(b) does not mention nor require a copy of the complaint. As to the substantive requirements for effective service, Rule 4B(c) refers back to Rule 4B(b). Rule 4B(c) further instructs the plaintiff's attorney to deliver to the officer making service the original and a copy of

---

[1] Sheridan has not yet initiated a proceeding to determine to what amount, if any, Wells Fargo should be adjudged trustee.

[2] The proof of service form signed by the Deputy Sheriff suggests a copy of the Complaint was served on Wells Fargo, along with the Summons to Trustee. Sheridan, however, does not dispute Wells Fargo's assertion that a copy of the Complaint was not appended to the Summons to Trustee.

the trustee summons, for service upon the trustee. The rule does not mention including a copy of the complaint.3 In this context, the language from Rule 4B(c) requiring service of the trustee summons "in like manner and with the same effect as other process," refers simply to the manner in which service upon a trustee can be effectuated, such as through personal service, first-class mail, publication, etc. *See* M.R. Civ. P. 4(c)-(g).

Wells Fargo's third argument is that it has good cause to set aside the default. According to the affidavit of Wells Fargo's Operations Manager, "a systematic failure impaired Wells Fargo's ability to automatically generate a response indicating the results of Wells Fargo's search of its records in a timely fashion." No further details or explanations are provided.

In order to show good cause, the party seeking relief must at a minimum provide a good excuse, based on a reasonable explanation of what happened. *Levine v. KeyBank Nat'l Ass'n*, 2004 ME 131, ¶ 21, 861 A.2d 678. Wells Fargo's proffered explanation falls well short of establishing good cause, because it fails to provide a reasonable explanation of what happened. Lacking any further details, the Court cannot determine the extent, nature, cause, or responsibility for the so called "systematic failure." The Court cannot even determine what failed. Computer hardware? Software? Data management systems? Human management systems? Personnel? The Court cannot determine if the failure could have been avoided, or

---

3 In the context of trustee process, as Sheridan argues, requiring service of a complaint alongside the summons is unnecessary, because the complaint makes allegations against the defendant, not the trustee, and all the information necessary for the trustee to answer the summons is provided in the trustee summons.

whether there is a good excuse for not answering the summons. The Court cannot determine if Wells Fargo was unable to timely comply with the summons, despite best and reasonable efforts. Wells Fargo's inscrutable "systematic failure" is therefore too vague to qualify as good cause.

Wells Fargo's final argument (raised in its Reply brief) is that its failure to answer the trustee summons should be excused, because Sheridan failed to serve on Wells Fargo a copy of Plaintiff's Opposition to Wells Fargo's Motion to Set Aside Entry of Default.[4] In essence, Wells Fargo argues that the infractions should offset. The infractions, however, occurred during different phases of the proceeding, are each subject to separate relief, and are not equivalent. Moreover, the offsetting penalties approach finds no support in the trustee process statute, 14 M.R.S. §§ 2601-2804; or the trustee process and default rules, M.R. Civ. P. 4B & 55.

For all of these reasons, Wells Fargo's Motion to Lift Default is DENIED.

So Ordered.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

November 26, 2019.

\_\_\_\_/s_____
Michael A. Duddy
Judge, Business and Consumer Docket

---

[4] Plaintiff's Opposition was timely filed with the Court, but Wells Fargo contends Sheridan failed to serve the Opposition on Wells Fargo. According to Wells Fargo, Wells Fargo only learned that an Opposition had been filed by calling the Clerk's office.